HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

AZRA RAHIM,

        Plaintiff,

        v.

PROVIDENCE HEALTH AND SERVICES,

        Defendant.

CASE NO. C13-1499RAJ

ORDER ON MOTION TO DISMISS

## I. INTRODUCTION

This matter comes before the court on Defendant's motion to dismiss. No one has requested oral argument and the court finds oral argument unnecessary. For the reasons stated below, the court DENIES the motion to dismiss. Dkt. # 15. The court directs the parties to submit a joint statement in accordance with this order no later than May 14, 2014.

## II. BACKGROUND

Plaintiff Azra Rahim contends that Defendant Providence Health and Services ("Providence") discriminated against her on the basis of her race, national origin, and gender when it terminated her from the family practice medical residency program at its Olympia hospital. The motion before the court challenges only her claims invoking Title VII of the Civil Rights Act of 1964, and only on the basis that she neither timely exhausted her remedies with the Equal Employment Opportunity Commission ("EEOC")

ORDER – 1

nor timely filed suit in this court after receiving a so-called "right-to-sue letter" from the EEOC.

For purposes of this motion, no one disputes that Providence terminated Dr. Rahim on May 29, 2012.  Her complaint contains two allegations crucial to the motion before the court.

> 1) On March 24, 2013, Dr. Rahim initiated, with the EEOC and the Washington Human Rights Commission, in the form of completing an Intake Questionnaire, a complaint for discrimination on the basis of race, sex and national origin against Providence . . . pursuant to Title VII . . . .
>
> 2) On May 23, 201[3],[1] Dr. Rahim received from the EEOC a Notice of Right to Sue.

Compl. ¶¶ 152-53.

Those allegations matter for two reasons.  First, Title VII conditions a plaintiff's right to sue on timely filing a charge of discrimination with the EEOC.  A plaintiff must make her charge within 180 days of the discriminatory conduct, unless she files her charge with a "State or local agency with authority to grant or seek relief from such practice," in which case she must file her EEOC charge within the earlier of 300 days of the discriminatory conduct or 30 days after the termination of the state or local agency's investigation." 42 U.S.C. § 2000e-5(e)(1).  Second, assuming that the EEOC itself does not bring the plaintiff's claim to a resolution, the plaintiff must sue within 90 days from the EEOC's notice of its decision on the charge. 42 U.S.C. § 2000e-5(f)(1).

In its motion to dismiss, Providence asserts that Dr. Rahim's claims founder on two grounds.  First, Providence claims that she did not file a charge of discrimination with either the EEOC or the Washington Human Rights Commission until March 27, 2013, which is 302 days after Providence terminated her.  That neither meets the 180-day deadline that Providence insists applies in this case, nor the 300-day deadline that Dr. Rahim relies upon.  Second, Providence claims that more than 90 days passed between

---

[1] The complaint states that "2012" was the year that Dr. Rahim received the right-to-sue letter, but no one disputes that this was a typographical error.

ORDER – 2

the EEOC's notice of her right to sue and August 21, 2013, which is the day she filed this suit. Providence also asks the court to sanction Dr. Rahim for pursuing her Title VII claims.

### III. ANALYSIS

Providence invokes Federal Rule of Civil Procedure 12(b)(6) in support of its motion to dismiss.[2] Applying that Rule, the court must assume the truth of the complaint's factual allegations and credit all reasonable inferences arising from its allegations. *Sanders v. Brown*, 504 F.3d 903, 910 (9th Cir. 2007). The plaintiff must point to factual allegations that "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 568 (2007). If the plaintiff succeeds, the complaint avoids dismissal if there is "any set of facts consistent with the allegations in the complaint" that would entitle the plaintiff to relief. *Id.* at 563; *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) ("When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief."). The court typically cannot consider evidence beyond the four corners of the complaint, although it may rely on a document to which the complaint refers if the document is central to the party's claims and its authenticity is not in question. *Marder v.*

---

[2] Providence invoked only Rule 12(b)(6), not any other portion of Rule 12(b). Without expressly arguing that the court lacks subject matter jurisdiction, it cited Ninth Circuit authority suggesting that exhaustion of Title VII claims is a prerequisite for a federal court to exercise subject matter jurisdiction. Def.'s Mot. (Dkt. # 15) at 6 (quoting *B.K.B. v. Maui Police Dep't*, 276 F.3d 1091, 1099 (9th Cir. 2002). Despite these references, the court does not read Providence's motion as a motion to dismiss for lack of subject matter jurisdiction. If Providence had intended to bring that motion, it would have invoked Rule 12(b)(1), and would have mentioned the standards and evidentiary procedures that apply to a 12(b)(1) motion. *See*, *e.g.*, *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). The court notes that other courts have questioned whether Title VII's exhaustion requirements are jurisdictional. *See*, *e.g.*, *Norris v. Foxx*, No. C13-5928BHS, 2014 U.S. Dist. LEXIS 31431, at *9-11 (W.D. Wash. Mar. 10, 2014); *Taylor v. Blank*, No. , 2014 U.S. Dist. LEXIS 54290, at *8-10 (finding that "[o]lder Ninth Circuit decisions" suggesting that Title VII exhaustion is a prerequisite of subject matter jurisdiction do not comport with Supreme Court authority or more recent Ninth Circuit jurisprudence); *see also Kwai Fun Wong v. Beebe*, 732 F.3d 1030, 1035-36 (9th Cir. 2013) (explaining difference between jurisdictional and nonjurisdictional statutory prerequisites). The court need not address that issue here, because even if Title VII's exhaustion requirements are prerequisites of subject matter jurisdiction, Dr. Rahim has satisfied those requirements, at least under the standards that apply to a Rule 12(b)(6) motion.

ORDER – 3

*Lopez*, 450 F.3d 445, 448 (9th Cir. 2006). The court may also consider evidence subject to judicial notice. *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003). When an affirmative defense "is obvious on the face of a complaint," a defendant can assert that defense in a Rule 12(b)(6) motion. *Rivera v. Peri & Sons Farms, Inc.*, 735 F.3d 892, 902 (9th Cir. 2013).

**A.   Dr. Rahim Has Pleaded That She Filed An EEOC Charge Within 300 Days of Her Termination From Providence.**

Assuming that the 300-day deadline for filing an EEOC charge applies (an assumption that the court will revisit in Part III.C., *infra*), Dr. Rahim alleges that she timely filed that charge. Her complaint alleges that she filed her EEOC complaint on March 24, 2013, in the form of an "Intake Questionnaire" that she simultaneously filed with the Washington Human Rights Commission ("WHRC"). Accepting that fact as true, she filed her charge with the EEOC within 300 days of May 29, 2012.

Providence's assertion that Dr. Rahim filed her EEOC charge on March 27, 2013, relies not on the allegations of the complaint, but on evidence beyond the scope of a motion to dismiss. Providence relies on document entitled "Charge of Discrimination" that Dr. Rahim signed on March 27, 2013. But Dr. Rahim's complaint nowhere refers to a "Charge of Discrimination," it refers to an "Intake Questionnaire" on which she stated a "complaint for discrimination on the basis of race, sex, and national origin . . . ." The law does not require a plaintiff to file a specific form, it merely requires a signed and verified writing (29 C.F.R. § 1601.9) that is "sufficiently precise to identify the parties, and to describe generally the action or practices complained of." 29 C.F.R. § 1601.12(b); *see also Fed. Express Corp. v. Holowecki*, 552 U.S. 389, 405 (2008) (construing an intake questionnaire for an age discrimination claim to constitute a proper charge). Moreover, a charge that is inadequate can be amended, with the amended charge relating back to the date of the original. *Id.* In other words, absent an indication that Dr. Rahim's intake questionnaire did not meet these requirements, it sufficed as a charge of discrimination

ORDER – 4

made within 300 days of Providence's allegedly discriminatory termination. Providence chastises Dr. Rahim for not providing a copy of her March 24 Intake Questionnaire, but that is not her obligation either in drafting her complaint or in responding to Providence's motion to dismiss.

**B.      Dr. Rahim Has Pleaded That She Filed This Suit Within 90 Days of Receiving a Right-to-Sue Letter from the EEOC.**

To prove its claim that Dr. Rahim did not timely sue, Providence relies on the right-to-sue letter that she admits she received. Unlike the "Charge of Discrimination" that Providence attempted to introduce into the record, Dr. Rahim's complaint explicitly refers to her right-to-sue letter. The court may consider it on a motion to dismiss.

The right-to-sue letter does not demonstrate that Dr. Rahim sued too late. The letter indicates that it was mailed to Dr. Rahim on April 30. But the date of mailing is not determinative. Instead, the 90-day limitations period begins on "the date on which a right-to-sue notice letter arrived at the claimant's address of record." *Payan v. Aramark Mgmt. Servs. L.P.*, 495 F.3d 1119, 1121 (9th Cir. 2007). Neither the complaint nor the right-to-sue letter asserts that it arrived at Dr. Rahim's address of record more than 90 days before she sued on August 21, 2013. Indeed, the most natural reading of Dr. Rahim's complaint (which asserts that she "received" the letter on May 23, 2013) is that the letter was not delivered to her until May 23, 2013, fewer than 90 days before August 21.[3] Providence notes that the Ninth Circuit applies a rebuttable presumption that mail from the EEOC reaches its recipient three days after the date of mailing. *Payan*, 495 F.3d at 1125-26. Providence does not acknowledge, however, that the presumption applies only "[w]here the date of actual receipt is unknown . . . ." *Id.* at 1122. Here, Dr.

---

[3] Dr. Rahim submitted her own declaration in support of her opposition to the motion to dismiss. In it, she provides additional information about her initial EEOC charge as well as her receipt of the right-to-sue letter. Dr. Rahim's evidence is beyond the scope of a Rule 12(b)(6) motion to dismiss. The court has not relied on it. For that reason, it declines to consider Providence's motion to strike portions of that declaration, other than to note that if Providence wishes to strike evidence from the record, it ought to do better than offer two sentences that do little more than offer legal conclusions and unelaborated citations to a hodgepodge of questionably applicable rules of evidence.

ORDER – 5

1  Rahim's complaint establishes (for purposes of a Rule 12(b)(6) motion) that she received
2  the right-to-sue letter on May 23, 2013.

### C. The Court Will Not Resolve The Parties' Debate Over the Constitutionality of Washington's Exemption of Religious Organizations from Its Antidiscrimination Law.

The court turns now to the parties' dispute over whether Dr. Rahim is subject to a 300-day deadline for filing an EEOC charge or a 180-day deadline. That is a dispute only because of Providence's assertion that it is a not-for-profit religious organization. Not-for-profit religious organizations are exempt from the Washington Law Against Discrimination ("WLAD"), which provides protections similar to Title VII for Washington employees. RCW 49.60.040(11) ("'Employer' . . . does not include any religious or sectarian organization not organized for private profit."). That matters in this case (which raises no WLAD claim) because Dr. Rahim can take advantage of the 300-day deadline to file an EEOC charge only if the WHRC is a "State or local agency *with authority to grant or seek relief from*" the unlawful practices alleged in her complaint. 42 U.S.C. § 2000e-5(e)(1) (emphasis added). Where a state or local agency is "without subject matter jurisdiction over a charge (*e.g.*, an agency which does not cover sex discrimination or does not cover nonprofit organizations)," it is treated as an agency that does not meet the requirements of 42 U.S.C. § 2000e-5(e)(1). 29 C.F.R. § 1601.13(2); *MacDonald v. Grace Church Seattle*, 457 F.3d 1079, 1082 (9th Cir. 2006). The *MacDonald* court held that a Title VII claim against a nonprofit religious employer in Washington must be presented to the EEOC within 180 days, not 300 days. 457 F.3d at 1088.

What the *MacDonald* court did not decide was whether Washington's exemption of nonprofit religious institutions from the WLAD complied with either the Establishment Clause or the Equal Protection Clause of the United States Constitution. 457 F.3d at 1086 (declining to address the issue because the appellant raised it for the first time on appeal). Dr. Rahim contends that the exemption violates both the United

ORDER – 6

States Constitution and the Washington Constitution. Since she filed her opposition to the motion to dismiss, the Washington Supreme Court has foreclosed her argument invoking the latter document. *Ockletree v. Franciscan Health Sys.*, 317 P.3d 1009, 1020 (Wash. 2014) (holding that the WLAD's exemption for religious nonprofit employers violates neither Washington's constitutional privileges and immunities clause nor its establishment clause). The Honorable Ronald B. Leighton of this District, who certified the Washington constitutional questions in *Ockletree*, deferred consideration of a challenge to Washington's religious organization exemption via the United States Constitution. *Ockletree v. Franciscan Health Sys.*, No. C11-5836RBL, 2012 U.S. Dist. LEXIS 185828, at *4-6 (W.D. Wash. Dec. 11, 2012).

For three reasons, the court will not decide the constitutionality of Washington's religious exemption in resolving this motion. First, the parties have scarcely briefed it. Providence suggested that *MacDonald* disposes of the issue, but *MacDonald* expressly declined to do so. Dr. Rahim devoted just three pages to the issue, citing no Ninth Circuit authority. Second, there is nothing in Dr. Rahim's complaint establishing that Providence is a nonprofit religious organization within the scope of the exemption, and Providence has not suggested that the court can take judicial notice of that fact. Third, no one has complied with Federal Rule of Civil Procedure 5.1, which requires notice to Washington's Attorney General of any challenge to the constitutionality of a state statute.

Although the court will not decide the constitutional question now, it likely cannot avoid it. Providence can surely establish its status as a nonprofit religious organization, and once it does so, it will put the constitutionality of Washington's exemption squarely at issue. Once it does, Dr. Rahim can salvage her Title VII claims only by demonstrating that the exemption is unconstitutional. Accordingly, the court directs the parties to meet and confer and submit a joint statement as to their preferred method of resolving the constitutional question. The joint statement is due no later than May 14, 2014.

ORDER – 7

Providence suggests that it is unfair to force it to bear the burden of discovery on Dr. Rahim's Title VII claims when it is possible that they will founder on a threshold issue. The court is not persuaded. Because she has raised a breach-of-contract claim and a claim invoking 42 U.S.C. § 1981, Dr. Rahim's claims of wrongful termination and race and national origin discrimination will remain part of this case regardless of the fate of her Title VII claims. The only theory of discrimination that even arguably falls solely under the ambit of Title VII is her assertion of gender discrimination. The court doubts that the burden of discovery in a case asserting breach of contract, race and national origin discrimination, and gender discrimination is much different than the burden of discovery in a case with no gender discrimination allegation. In any event, Providence has demonstrated no difference in that burden. Discovery will continue while the parties address their constitutional dispute.

**D.   The Court Denies Providence's Motion for Sanctions.**

Providence asks the court to sanction Dr. Rahim for asserting her Title VII claims. It invokes Federal Rule of Civil Procedure 11, 28 U.S.C. § 1927, and the court's inherent power. As to Rule 11, Providence's motion is meritless. Providence did not file its Rule 11 motion separately and did not comply with the Rule's safe harbor provision. Fed. R. Civ. P. 11(c)(2). Even if it had, its motion falls well short of demonstrating a Rule 11 violation.

As to § 1927, that statute applies only to an attorney who "multiplies the proceedings in any case unreasonably and vexatiously . . . ." On this record, Providence falls well short of demonstrating unreasonable or vexatious conduct by Dr. Rahim's counsel.

Providence also falls well short of convincing the court that it should exercise its inherent power to do anything other than admonish Providence to consider whether its request for sanctions was appropriate.

ORDER – 8

## IV.  CONCLUSION

For the reasons previously stated, the court DENIES Providence's motion to dismiss.  Dkt. # 15.  The parties shall submit a joint statement in accordance with this order no later than May 14, 2014.

DATED this 1st day of May, 2014.

*Richard A. Jones*

The Honorable Richard A. Jones
United States District Court Judge

ORDER – 9