HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

AZRA RAHIM,

        Plaintiff,

        v.

PROVIDENCE HEALTH AND SERVICES,

        Defendant.

CASE NO. C13-1499RAJ

ORDER

Soon to be ripe for the court's consideration is Plaintiff's motion challenging the constitutionality of the Washington Law Against Discrimination's exemption of religious not-for-profit organizations (RCW 49.60.040(11)) from its scope. As the court explained in its May 1, 2014 order, that question matters in this case only because Plaintiff's claims invoking Title VII of the Civil Rights Act of 1964 are timely only if the religious exemption is invalid. Moreover, as the court explained in the same order, Plaintiff has a breach of employment contract claim and claim of race or national origin discrimination that will proceed (via 42 U.S.C. § 1981) regardless of the fate of her Title VII claims. The only aspect of this case that hangs on the fate of Plaintiff's Title VII claims is her claim of gender discrimination.

The court was prepared to address the constitutional question quickly, in part because the parties filed a May 14 joint statement requesting that the court do so. Two

ORDER – 1

developments since then lead the court to question whether it is necessary or prudent to address the constitutional question imminently.

Just before the deadline for amending pleadings expired, Plaintiff filed a motion to amend her complaint. The motion was unusual. Plaintiff asked, for the first time, to assert discrimination claims invoking the WLAD. But Plaintiff's request was conditional. She explained that if the court were to rule that the WLAD's religious exemption were unconstitutional, she would abandon her WLAD claims and rely solely on her Title VII claims. She did not explain that choice, and the court cannot explain it. The court has never before encountered a plaintiff willing to abandon WLAD claims in lieu of Title VII claims.

Defendant's response to the motion was that it did not object to the proposed amendment. But, whereas Defendant had previously joined Plaintiff's request to address the constitutional question quickly, Defendant now took the position that the court ought to defer consideration of that question, at least until the court could consider dispositive motions challenging all of Plaintiff's claims. Defendant's position was that it could defeat Plaintiff's WLAD claims on the facts (that is, by demonstrating that it did not discriminate), which would make it unnecessary for the court to address the constitutional question.

Defendant's proposal was reasonable; Plaintiff mooted it by withdrawing her motion to amend without explanation. One possible explanation is the Plaintiff is more interested in challenging the WLAD's religious exemption than she is in proving any WLAD claim. Regardless of Plaintiff's preferences, the court must not prioritize constitutional questions over mundane factual questions if it can avoid doing so. *Lyng v. NW Indian Cemetery Protective Ass'n*, 485 U.S. 439, 445 (1988) ("A fundamental and long-standing principle of judicial restraint requires that courts avoid reaching constitutional questions in advance of the necessity of deciding them.").

ORDER – 2

In this case, Defendant offered a reasonable solution to avoid a constitutional question. Plaintiff responded by abandoning an affirmative request for relief in an apparent attempt to avoid the solution. When Defendant filed its opposition to Plaintiff's summary judgment motion, it again requested that the court defer resolution of the constitutional question.

The court orders as follows: No later than July 31, 2014, Defendant shall file a statement indicating whether it will agree to permit Plaintiff to pursue her Title VII claims through dispositive motions and, if necessary, through trial. That agreement would permit Defendant to challenge Plaintiff's Title VII claims in any manner, factual or legal, that did not depend on the constitutionality of the WLAD's religious exemption. If Plaintiff prevails on her Title VII claim of gender discrimination (or otherwise prevails on a Title VII claim in a manner that impacts Defendant), Defendant would be permitted to renew its contention that Plaintiff's Title VII claims were untimely because of the religious exemption. If Defendant did so, the court would resolve the soon-to-be ripe summary judgment motions on the constitutional question.

Defendant is not obligated to agree to the court's proposal. If Defendant does not agree, the court will decide the constitutional question.

DATED this 23rd day of July, 2014.

The Honorable Richard A. Jones
United States District Court Judge

ORDER – 3