HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

AZRA RAHIM,

    Plaintiff,

    v.

PROVIDENCE HEALTH AND SERVICES,

    Defendant.

CASE NO. C13-1499RAJ

ORDER

## I. INTRODUCTION

On December 8, 2014, at 10:30 a.m., the parties will appear before the court for a hearing. Although that hearing has been designated as a hearing on Plaintiff's counsel's motion to withdraw, the court issues this order to clarify for all parties the purpose of the hearing. The clerk shall TERMINATE Plaintiff's counsel's motion to seal various documents. Dkt. # 77. The clerk shall also TERMINATE Larry James King, who is now deceased, as Plaintiff's counsel of record.

## II. SUMMARY OF DOCKET SINCE OCTOBER 31

The court received notice from the parties' counsel by telephone on October 31 that this action had settled, although the settlement would not become final until November 7. Dkt. # 61. Since then, Plaintiff and her counsel have aired a dispute about whether she actually consented to that settlement, along with many disputes about their attorney-client relationship that are either unrelated to or barely related to their dispute about the settlement.

ORDER – 1

On November 4, Plaintiff's counsel moved to withdraw from representing her, citing Washington Rule of Professional Conduct 1.16, which mandates withdrawal where "the representation [of the client] will result in a violation of the Rules of Professional Conduct or other law." Neither of Plaintiff's two attorneys specified the circumstances leading them to seek withdrawal, other than to say that "[r]ecent developments" in this suit had lead them to conclude that "professional considerations" required their withdrawal. Dkt. ## 63, 64.

On the same day, Plaintiff appeared personally to deliver documents to the chambers of the undersigned judge. The court described those circumstances in a November 5, 2014 order. Dkt. # 65. On November 7, Plaintiff filed a letter (Dkt. # 66), along with some supporting documents, in which she raised many complaints about the conduct of her counsel, but nonetheless insisted that they should be forced to continue to represent her. She also explained why she believed that she had not agreed to settle this action.

On November 14, Plaintiff's counsel and Defendant filed a stipulation to dismiss this action. Dkt. # 69. Defendant also filed a separate document explaining why it believed that Plaintiff had agreed to a settlement. Dkt. # 68. Plaintiff herself weighed in the same day, filing a letter wherein she stated that she had not consented to the stipulated dismissal. Dkt. # 70.

On November 17, the court issued a minute order explaining that it would not take any action on the "stipulated" dismissal until it addressed counsel's motion to withdraw. Dkt. # 71.

On November 21, Plaintiff's counsel filed nine documents (Dkt. ## 72-81), many of which they improperly designated motions, many of which were duplicative of each other. In those documents, counsel offered their response to Plaintiff's complaints about their conduct, describing their communications with Plaintiff about this case in minute detail. The three documents detailing these attorney-client communications are under

ORDER – 2

seal. Dkt. ## 78, 79, 81. Defendant is aware that the documents have been submitted under seal, and has not objected.

On December 2, Plaintiff herself filed still more documents about her dispute with her attorneys. Dkt. # 83.

### III. THE COURT WILL PERMIT PLAINTIFF'S COUNSEL TO WITHDRAW

Both Plaintiff and her counsel seem to believe that the court will wade into their disputes about their attorney-client relationship and their disagreements over how to litigate this case. The court will not do so. It is apparent to the court from its review of the documents that the court must grant counsel's motion to withdraw. Their relationship with their client is irretrievably broken, and they also have irreconcilable differences over how to proceed in this litigation.

Accordingly, at the conclusion of Monday's hearing, the court will issue an order permitting counsel to withdraw.

### IV. AGENDA FOR DECEMBER 8 HEARING

Monday's hearing will have a single purpose: to determine whether Plaintiff agreed to settle her case. Accordingly, Plaintiff, her counsel, and Defendants shall be prepared to present evidence, including testimony if necessary, addressing that topic. When they present that evidence, the parties must not reveal the amount of any settlement or settlement proposal. The court will decide, at the conclusion of the presentation of evidence, whether this case has settled. If it has, the court will dismiss the case. If it has not, the court will grant Plaintiff's counsel's motion to withdraw, and Plaintiff will be responsible for pursuing her claims in this action. The court will recalendar Defendant's motion for summary judgment, and Plaintiff will be responsible for opposing it.

For that reason, the court's initial inquiry at the Monday hearing will be to ask Plaintiff whether she wishes to drop her opposition to the settlement that her counsel and Defendants believe has already occurred. If Plaintiff prefers, the court will permit her to confer with her soon-to-be-former counsel (and Defendant's counsel, if appropriate)

ORDER – 3

before giving her final answer to that question. If Plaintiff wishes to continue to argue that she did not agree to the settlement, the court will proceed to a hearing on that dispute.

The court orders both Plaintiff and her counsel not to continue in their attempts to air their other disputes to this court, in particular disputes that revolve around their differences over strategy for litigating this case. This court will not resolve those disputes, it will only resolve their dispute about whether Plaintiff agreed to settle this action. If the court concludes that the case has not settled, it is important that neither Plaintiff nor her counsel compromise the continued litigation of this case by revealing strategic information.

## V.  SEALED DOCUMENTS

Finally, the clerk shall terminate Plaintiff's counsel's motion to seal. Dkt. # 77. There are presently five documents under seal in this action, corresponding to numbers 78, 79, 81, 82, and 83. All of those documents (which Plaintiff or her counsel filed) reveal attorney-client communications. Providence has not asked the court to unseal them, and the court finds that they should remain under seal. Although the court has reviewed those documents, it will not rely on any of them in making its decision as to whether the parties have reached a settlement. Instead, the parties will introduce evidence at Monday's hearing as to whether they have reached a settlement, even if that evidence has already been submitted in one of the sealed documents. That evidence, even if it contains attorney-client communications, will be filed on the docket and will not be placed under seal.

DATED this 4th day of December, 2014.

*Richard A. Jones*

The Honorable Richard A. Jones
United States District Court Judge

ORDER – 4